IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HAKIM NASEER,

                Plaintiff,

v.

ERIN WEHRLE,

                Defendant.[1]

OPINION and ORDER

20-cv-235-jdp

Plaintiff Hakim Naseer, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Naseer alleges that defendant Nurse Erin Wehrle downplayed the seriousness of his medical problems to keep him from getting more robust treatment. Wehrle has filed a motion for summary judgment contending that Naseer failed to exhaust the administrative remedies for his claim. Dkt. 16.

Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in Wisconsin Administrative Code

---

[1] I have amended the caption to reflect defendant Wehrle's full name, as reflected from her submissions.

Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Naseer alleges that he suffers from a skin disease that causes him to have painful bleeding sores. He says that various prison staff members delayed in treating him in the months prior to January 2020. Then, when Wehrle's supervisor ordered Wehrle to treat him, Wehrle "got mad" and fabricated her treatment notes or left important information out to downplay the seriousness of Naseer's condition. Dkt. 1, at 5. In her exhaustion motion, Wehrle contends that Naseer didn't file any inmate grievances about Wehrle's alleged misconduct. The grievance history report Wehrle submits with her motion supports that. Dkt. 18-1. Wehrle notes that there was an additional grievance filed by Naseer on January 16, 2020, stating that Wehrle was aware of his "medical issue" but that she had failed to respond to his "medical co-pay assessment request." Dkt. 18-2, at 2. Institution complaint examiner Ellen Ray returned that grievance to Naseer without filing it, saying that it violated the DOC rule against filing more than one grievance per week. *Id.* at 1; Wis. Admin. Code § DOC 310.07(7). Naseer didn't refile that grievance.

Naseer responds by saying that his claim about Wehrle is only part of his case; he also means to bring a claim against Ray for failing to intervene in Wehrle's poor medical care and that his rejected grievance exhausts his claims. But I didn't grant Naseer leave to proceed on a claim against Ray, and even if I had, his rejected grievance isn't enough to exhaust claims against Ray or Wehrle. To properly exhaust administrative remedies, a prisoner's grievance must "alert[] the prison to the nature of the wrong for which redress is sought."). His vague

2

grievance about medical copayments would not inform prison officials about Naseer's claim in this case: that Wehrle downplayed his medical problem. Nor does it suggest that Ray blocked him from filing a valid grievance. Based on Naseer's vague complaint about his copayment, Ray appears to have properly returned it for violating the one-grievance-per-week rule, and in any event, Naseer could have refiled his grievance the next week but he did not.

Because Naseer has not submitted any evidence suggesting that he indeed exhausted his administrative remedies or was blocked from doing so, I will grant Wehrle's motion for summary judgment and dismiss this case. That dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Although the dismissal is without prejudice, Naseer likely will not be able to exhaust his claim because any future grievance would be untimely.

ORDER

IT IS ORDERED that:

1. Defendant Erin Wehrle's motion for summary judgment on exhaustion grounds, Dkt. 16, is GRANTED.

2. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment for defendant and close the case.

Entered October 5, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge